UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXANDER McARTHUR,<br>    Plaintiff,<br><br>    v.<br><br>YALE NEW HAVEN HOSPITAL, et al.,<br>    Defendants. | No. 3:20-cv-998 (SRU) |

### ORDER

In this case, a *pro se* plaintiff—Alexander McArthur ("McArthur")—sues Yale New Haven Hospital ("YNHH"), the City of New Haven ("New Haven"), and "Protective Services." *See* Compl., Doc. No. 1.  Although occasionally difficult to follow, McArthur's complaint appears to allege that an employee of YNHH's Protective Services team sexually assaulted him during a security check in early December 2019 when McArthur was admitted to YNHH's psychiatric unit.  YNHH and New Haven have made motions to dismiss McArthur's complaint.  For the following reasons, I **grant** YNHH's and New Haven's motions to dismiss.  I also **dismiss** McArthur's complaint with respect to the only remaining defendant, Protective Services.

### I.     Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  To survive a motion brought under Rule 12(b)(1), a plaintiff "has the burden of proving by a preponderance of the evidence that [subject matter jurisdiction] exists."  *Id.* (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)); *see also Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) ("The

plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence.").

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)). When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The plausibility standard set forth in *Twombly* and *Iqbal* obligates the plaintiff to "provide the grounds of his entitlement to relief" through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up). Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (cleaned up).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (confirming that "a *pro se* litigant is entitled to special solicitude," "that a *pro se* litigant's submissions must be construed liberally," and "that such submissions must be read to raise the strongest arguments that they suggest") (cleaned up).

**II.     Background**

   A.     <u>Factual Background</u>[1]

On December 5, 2019, McArthur entered YNHH's psychiatric unit as a mental health patient. *See* Compl., Doc. No. 1, at 7 (alleging that his admission was involuntary); *id.* at 36 (alleging that this admission was voluntary). Before entering YNHH's psychiatric unit, McArthur was subject to a security check by an individual named "DePalma," who worked as a security guard for "Protective Services" at YNHH. DePalma's security check of McArthur is the subject of this case.

McArthur alleges that DePalma sexually assaulted him during the security check. *See id.* at 7, 16, 23–24, 47, 49. The following passage from McArthur's complaint well summarizes McArthur's allegations:

> I Lifted up my Arms, as instruct[ed] by a Blue collar man holding a hand metal detector (wand) I expected him to scan my body with his (wand) as my hands In the air waiting to get scann[ed] by (wand) Extended Arms of mine, And all of a sudden, Blue Collar Criminal Named DePalma carressed my butt cheeks, carressed down-wards my theighs, from my butt cheeks, to my theighs and around my inner theighs, Just inches away from my testicals.

---

[1]     As described above, McArthur's 51-page, handwritten complaint can be difficult to follow. I set forth my best understanding of McArthur's complaint.

*Id.* at 30.  DePalma explained that he was searching McArthur for "a shank."  *See id.* at 24, 32, 49.

Following the incident with DePalma, the "New Haven Police were called to [i]nvestigate."  *Id.* at 14.  McArthur's complaint contains allegations regarding two New Haven Police officers:  Lieutenant Donald Costa and "Officer Sosik."  McArthur complains that Lieutenant Costa improperly "excuse[d] DePalma of sexually assaulting" him based on Lieutenant Costa's conclusion that DePalma was simply doing his job as a security officer.  *See id.* at 15, 17.  And McArthur alleges that both Lieutenant Costa and Officer Sosik were "extremely disrespectful."  *Id.* at 26.

McArthur also mentions "Cheryl Handy," a "Patient Relations" employee at YNHH.  According to McArthur, Handy also ignored his complaints about DePalma's sexual assault.  *See id.* at 17.  McArthur claims that Handy was "extrem[e]ly disrespectful," including by refusing to view video surveillance footage of the incident.  *Id.* at 27.

Finally, McArthur repeatedly asserts his view that sexual assaults of the type DePalma perpetrated on him are common at YNHH.  *See id.* at 42 ("If I reveal to the wor[l]d . . . worldwide Revelation Just guess how many People will come forward and file complaints of being sexually assaulted by Protective Services in Yale New Haven Hospital.").  Relatedly, McArthur several times explains that, on an undescribed date, he saw a different member of Protective Services "sexually assault" another individual visiting YNHH.  *See, e.g.*, *id.* at 9–10, 40 ("The woman I am talking about will come forward if I take my complaint worldwide.").

McArthur invokes this court's jurisdiction pursuant to 10 U.S.C. § 920 Art. 120 and "Title 42 Chapter 21 of the U.S. Code – Discrimination."  *Id.* at 2, 6, 21.  At different points,

McArthur claims to seek either "100 Billions and Billions of Dollars" or "Twenty Million Dollars." *Id.* at 3, 44, 47.

B.  Procedural Background

McArthur filed his complaint on July 17, 2020. *See* Compl., Doc. No. 1. The same day, McArthur filed a motion for leave to proceed *in forma pauperis*. *See* Mot. to Proceed IFP, Doc. No. 2. On September 4, I granted McArthur's motion for leave to proceed *in forma pauperis*. *See* Order, Doc. No. 7. On December 7, New Haven filed a motion for a more definite statement based on the illegibility of McArthur's handwritten complaint. *See* Mot. for More Definite Stmnt., Doc. No. 13. I later denied that motion. *See* Order, Doc. No. 19.

On December 14, YNHH filed a motion to dismiss. *See* YNHH's Mot. to Dismiss, Doc. No. 16; YNHH's Mem. of Law in Supp. Mot. to Dismiss ("YNHH's Mem. of Law"), Doc. No. 17. On January 26, 2021, New Haven also filed a motion to dismiss. *See* City of New Haven's Mot. to Dismiss, Doc. No. 22; City of New Haven's Mem. of Law in Supp. Mot. to Dismiss ("New Haven's Mem. of Law"), Doc. No. 22-1. On February 22 (in response to my order prompting him to do so), McArthur filed an opposition to YNHH's motion to dismiss. *See* McArthur's Opp'n, Doc. No. 23. McArthur has not filed an opposition to New Haven's motion to dismiss.

Despite having been served by the United States Marshals Service in December 2020, Protective Services has not yet filed a notice of appearance. *See* Certificate of Service, Doc. No. 21. As explained below, though, in my view that failure is explainable by the fact that Protective Services is merely a subdivision of YNHH.

III.  Discussion

A.  The Parties' Arguments

5

YNHH argues that I should dismiss McArthur's complaint pursuant to Rules 12(b)(1) and 12(b)(6). First, YNHH argues that, to the extent McArthur brings a claim pursuant to 10 U.S.C. § 920, I "lack[] jurisdiction to hear" that claim because section 920 "is a criminal statute which does not give rise to a private right of action," and, in any event, McArthur "fail[s] to state a claim upon which relief can be granted." YNHH's Mot. to Dismiss, Doc. No. 16, at 1; *see also* YNHH's Mem. of Law, Doc. No. 17, at 3–4. Second, to the extent that McArthur brings a claim pursuant to "Title 42 Chapter 21 of the U.S. Code," YNHH argues that I "lack[] jurisdiction" to adjudicate that claim because McArthur has not stated a plausible claim for discrimination. *See* YNHH's Mot. to Dismiss, Doc. No. 16, at 1; *see also* YNHH's Mem. of Law, Doc. No. 17, at 4. "To the extent that plaintiff is making a §1983 claim," YNHH concludes, "it must fail because [YNHH] is a private entity and plaintiff's Complaint fails to allege state action." YNHH's Mot. to Dismiss, Doc. No. 16, at 1; *see also* YNHH's Mem. of Law, Doc. No. 17, at 4–6.

New Haven argues that I should dismiss McArthur's complaint pursuant to Rule 12(b)(6) because it does not state a plausible section 1983 claim against New Haven. *See* New Haven's Mot. to Dismiss, Doc. No. 22, at 1. More specifically, although McArthur expresses "dissatisfaction with a police investigation," "there is no constitutional right to an adequate investigation." *Id.*; *see also* New Haven's Mem. of Law, Doc. No. 22-1, at 4–5. Like YNHH, New Haven points out that criminal statutes—such as 10 U.S.C. § 920 Art. 120—do not create private rights of action. *See* New Haven's Mem. of Law, Doc. No. 22-1, at 5–6. Finally, New Haven argues that if McArthur asserts a claim for discrimination, it must fail, too, because the complaint "contains no references—direct or indirect—to any act of discrimination by the City of New Haven or one of its employees." *Id.* at 6–7.

6

In opposition,[2] McArthur reiterates that, in his view, sexual assault of the kind he experienced is rampant at YNHH. *See, e.g.*, McArthur's Opp'n, Doc. No. 23, at 2 ("It is known that Protective Services Employee[s] at Yale New Haven Hospital Are indeed 'Sex Preditors.'"). McArthur again mentions the occasion on which he witnessed a female visitor "sexually assaulted" by a member of YNHH's Protective Services team in the same way that he was. *See id.* at 3–4.

B. Evaluation

Although McArthur nowhere explicitly mentions 42 U.S.C. § 1983, I liberally construe McArthur's complaint as alleging section 1983 claims against the defendants.[3] To be sure, McArthur mentions other statutes throughout his complaint. But McArthur cannot assert plausible claims pursuant to any of those statutes. McArthur first mentions 10 U.S.C. § 920 Art. 120. That statute—entitled "Rape and sexual assault generally"—is a portion of the Uniform Code of Military Justice. It is irrelevant here and, in any event, does not incorporate a private right of action. *See Xu v. Neubauer*, 166 F. Supp. 3d 203, 207 (D. Conn. 2015) ("Federal criminal statutes do not provide private rights of action."); *cf. Rouhi v. Kettler*, 2020 WL 3451871, at *3 (D. Md. June 24, 2020) (dismissing *pro se* plaintiff's complaint for lack of subject matter jurisdiction when based, in part, on 10 U.S.C. § 921 Art. 121—"a provision of the Uniform Code of Military Justice" punishing larceny—because that statute "does not incorporate a private right of action, and military justice has no application to a dispute between a tenant and her property management company").

---

[2] As described above, technically, McArthur's opposition was addressed only to YNHH's motion to dismiss. *See* McArthur's Opp'n, Doc. No. 23 ("Opposition to Defendant Yale New Haven Hospital's Motion to Dismiss My Civil Claims.").

[3] Because I construe McArthur's complaint as arising under federal law, then, I do not dismiss his complaint for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1). My construing McArthur's complaint in that way does not prejudice the defendants because I grant their motions to dismiss pursuant to Rule 12(b)(6) on the grounds that McArthur fails to state a claim upon which relief can be granted.

7

McArthur also mentions several miscellaneous statutes, but none of those can support a plausible claim here.  More particularly, McArthur cites (1) "§ 18.2-67.4.  Sexual Battery," and (2) "§ 18.2-67.10.  Sexual Assault by force, threat, Intimidation Aggravated Sexual Contact."  Compl., Doc. No. 1, at 21.  Those statutes appear to be portions of Virginia's Criminal Code.  *See* Va. Code Ann. § 18.2-67.4 (criminalizing sexual battery); *id.* § 18.2-67.10 (general definitions regarding criminal sexual assault).  Those provisions do not create private causes of action.  *Cf. Vansant and Gusler, Inc. v. Washington*, 245 Va. 356, 360–62 (1993) (holding that different Virginia criminal statute—§ 43-13—did not create private right of action for damages).  Additionally, there does not appear to be any connection between Virginia and the events in this case, which took place at YNHH.

Finally, McArthur mentions "Title 42 Chapter 21 of the U.S. Code – Discrimination" as a basis for jurisdiction in this action.  *See* Compl., Doc. No. 1, at 2.  Section 1983 is a portion of "Title 42 Chapter 21 of the U.S. Code," which spans from 42 U.S.C. §§ 1981–2000h-6.  I explain below why I dismiss McArthur's complaint, even when construed as asserting section 1983 claims.  To the extent, though, that McArthur attempts to bring a discrimination claim, McArthur's complaint is implausible because it contains no allegations that would support such a claim.  Indeed, it is entirely unclear what kind of discrimination McArthur would allege:  No allegations (even inferentially) regard McArthur's race, gender, religion, sexual orientation, or other personal characteristic.  Further, McArthur mentions just one other potentially similarly-situated individual in his complaint:  The female visitor to YNHH who was also allegedly sexually assaulted by someone on the Protective Services team.  Importantly, McArthur alleges that he was treated exactly the same as that female visitor.

Even construed liberally as asserting section 1983 claims, I dismiss McArthur's complaint because it fails to state a claim upon which relief can be granted. "To state a claim under § 1983, a plaintiff must allege two elements: (1) the violation of a right secured by the Constitution and laws of the United States, and (2) the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (cleaned up). Regarding (2), "[i]f a defendant's conduct satisfies the state action requirement under the Fourteenth Amendment, then that conduct also constitutes action 'under color of' state law for purposes of § 1983." *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 229 (2d Cir. 2004) (citing *Brentwood Acad. v. Tenn Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 n.2 (2001)).

> For the purposes of Section 1983, the actions of a nominally private entity are attributable to the state: (1) when the entity acts pursuant to the coercive power of the state or is controlled by the state ("the compulsion test"); (2) when the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with the state, or the entity's functions are entwined with state policies ("the joint action test" or "close nexus text"); or (3) when the entity has been delegated a public function by the state[] ("the public function test").

*Benzemann v. Citibank N.A.*, 622 F. App'x 16, 17 (2d Cir. 2015) (quoting *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008)) (cleaned up). Courts are clear that a state's licensing, funding, or regulating a private party, without more, does not "transform a private party's actions into state action." *White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010).

YNHH is not a state actor, and it did not act under color of state law in connection with this case. YNHH is a private hospital. *See History and Heritage*, YALENEWHAVENHEALTH, https://www.ynhh.org/about/hospital-overview/history-heritage (last visited Aug. 23, 2021) ("Today, YNHH is a 1,541-bed private, nonprofit teaching hospital that ranks among the premier

9

medical centers in the nation."). "As a general rule, private hospitals do not act under color of state law for § 1983 purposes." *Febres v. Yale New Haven Hosp.*, 2019 WL 7050076, at *2 (D. Conn. Dec. 23, 2019) (cleaned up); *see also White*, 369 F. App'x at 226 ("[P]rivate actors and institutions, such as [] hospitals . . . , are generally not proper § 1983 defendants because they do not act under color of state law.") (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)). Indeed, courts in this District routinely dismiss section 1983 claims against YNHH (or one of its employees) because the plaintiff failed to plausibly allege that YNHH was a state actor or was acting under color of state law. *See, e.g.*, *Febres*, 2019 WL 7050076, at *2–3; *Davis v. Yale New Haven Hosp.*, 2017 WL 6459499, at *5 (D. Conn. Dec. 11, 2017); *Edwards v. Baptiste*, 2006 WL 3618021, at *2–3 (D. Conn. Dec. 11, 2006). In this case, McArthur makes no allegations suggesting that YNHH was a state actor or acted under color of state law. There is no reason to believe that the state compelled YNHH to act, that there was a close nexus between the state and YNHH in this case, or that the state delegated YNHH a public function.[4] Accordingly, I grant YNHH's motion to dismiss.

I also grant New Haven's motion to dismiss because McArthur's complaint does not plausibly allege that Lieutenant Costa or Officer Sosik violated McArthur's constitutional rights. McArthur complains that Lieutenant Costa and Officer Sosik failed to take seriously his complaint and were also disrespectful. "[T]here is no constitutional right to an adequate

---

[4]     To the extent that McArthur intended to list Cheryl Handy—a "Patient Relations" employee at YNHH—as a defendant in this action, McArthur's complaint is dismissed for the same reasons as his complaint is dismissed against YNHH. Because of the lack of state action, in the normal course, plaintiffs cannot bring section 1983 claims against private employees. *See, e.g.*, *Baergas v. City of New York*, 2006 WL 8461390, at *8 (S.D.N.Y. Mar. 15, 2006) ("§ 1983 does not apply, except in special circumstance not presented by this case, to private employees . . . ."); *see also Chance v. Machado*, 2009 WL 3416422, at *2 (D. Conn. Oct. 22, 2009) ("Plaintiff's Section 1983 claims fail as to Defendants Dr. Morgan and Dr. Sirlear, because they were employees of the privately-owned Bridgeport Hospital, and were not state actors or acting under color of state law."). Because Handy was a private employee, and McArthur offers no allegations tying her actions to the state, I would dismiss McArthur's section 1983 claim against Handy—had he asserted one.

investigation, and therefore a claim for failure to investigate is not independently cognizable under Section 1983." *Buari v. City of New York*, 2021 WL 1198371, at *17 (S.D.N.Y. Mar. 30, 2021); *see also White v. Brown*, 2020 WL 7129583, at *4 (D. Conn. Dec. 4, 2020) ("[A] complainant does not have a constitutional right to an adequate investigation of complaints made to a police department."). Further, mere disrespect does not rise to the level of a constitutional violation. For those reasons, I grant New Haven's motion to dismiss.

The remaining defendant in this case is "Protective Services," which has not yet appeared in this action despite having been served. *See* Certificate of Service, Doc. No. 21. McArthur alleges that DePalma was an employee of Protective Services who worked at YNHH. *See* Compl., Doc. No. 1, at 2, 45. In my view, it is clear from the face of the complaint, the surrounding circumstances, and documents of which I may take judicial notice[5] that Protective Services is a division of—or group of employees within—YNHH. For instance, in his complaint, McArthur seems to confirm that Protective Services is a part of YNHH. *See id.* at 2 (listing the address for Protective Services as "Yale New Haven Hospital New Haven ct"); *see also* Certificate of Service, Doc. No. 21 (listing address for Protective Services as "20 York St. EP first floor NH CT 06510"); *Welcome to New Haven Hospital*, YALENEWHAVENHEALTH, https://www.ynhh.org/ (last visited Aug. 23, 2021) ("contact us" at bottom of webpage lists address as 20 York Street). In addition, YNHH's website confirms that YNHH has a "Protective Services team" "of officers" that "operates 24 hours a day, 7 days a week to assist everyone who visits our facilities." *Protective Services*, YALENEWHAVENHEALTH,

---

[5] I may take judicial notice of facts "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In my view, it is appropriate to take judicial notice of certain representations on YNHH's official website, such as its business address and information about its services. *See SLSJ, LLC v. Kleban*, 2015 WL 1973307, at *1 n.3 (D. Conn. Apr. 30, 2015) (business address); *23-34 94th St. Grocery Corp. v. New York City Bd. of Health*, 685 F.3d 174, 183 n.7 (2d Cir. 2012) (taking judicial notice of a website).

https://www.ynhh.org/patients-visitors/your-visit-stay/protective-services (last visited Aug. 23, 2021).  If Protective Services is a division within YNHH, it is not a proper defendant in this action because "[a] division of a corporation is not a separate legal entity but is the corporation itself."  *W. Beef, Inc. v. Compton Inv. Co.*, 611 F.2d 587, 591 (5th Cir. 1980) (quoting *In re Sugar Indus. Antitrust Litig.*, 579 F.2d 13, 18 (3d Cir. 1978)).

Even if Protective Services were not a division within YNHH—such as, perhaps, if Protective Services were a private contractor that provided security services to YNHH—I would still dismiss McArthur's complaint against Protective Services for several reasons.  First, as already discussed with respect to YNHH, McArthur's complaint provides no basis to infer that Protective Services is a state actor or that it acted under color of state law.  Second, even if it were a state actor, I would still dismiss McArthur's complaint against Protective Services.  McArthur makes no allegations against Protective Services, *per se*; instead, McArthur's complaint against Protective Services is based on DePalma's allegedly assaulting McArthur.  But, even if DePalma were a defendant in this action (discussed below), and even if McArthur had plausibly alleged a section 1983 claim against DePalma, I would still dismiss McArthur's section 1983 claim against Protective Services.  That is because an employer "cannot be held vicariously liable under § 1983 for [] constitutional torts of its employees based on a theory of *respondeat superior*."  *Rose v. City of Waterbury*, 2013 WL 1187049, at *6 (D. Conn. Mar. 21, 2013); *see also Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408 (2d Cir. 1990) ("Private employers are not liable under § 1983 for the constitutional torts of their employees, unless the plaintiff proves that action pursuant to official policy of some nature caused a constitutional tort.") (cleaned up).  For those reasons, even though Protective Services has not

12

yet filed an appearance in this action, in the interests of judicial efficiency, I dismiss McArthur's complaint against Protective Services.

Although the above discussion resolves McArthur's claims against all named defendants in this action, conspicuously missing is the main actor in McArthur's complaint: DePalma. McArthur did not—as he must have—name DePalma as a defendant in this action. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). However, DePalma is clearly the main target of McArthur's complaint: The Complaint mostly regards DePalma's alleged sexual assault of McArthur at YNHH in December 2019. McArthur even refers to DePalma as "Defendant DePalma" in the body of his complaint. *See* Compl., Doc. No. 1, at 2. In the interest of construing McArthur's complaint liberally and for purposes of judicial efficiency, I will construe McArthur's complaint as asserting a section 1983 claim against DePalma.

Thus construed, I still dismiss McArthur's complaint in its entirety. As discussed above with respect to the other defendants, there is no reason to believe that DePalma acted under color of state law. Whether DePalma was formally employed by YNHH or "Protective Services," McArthur's complaint makes clear that DePalma was a private security guard. In the normal course, private security guards are not state actors and do not act under color of state law. *See, e.g.*, *Prowisor v. Bon-Ton, Inc.*, 232 F. App'x 26, 28 (2d Cir. 2007) (affirming lower court's grant of summary judgment to private entity defendant "on the ground that its private security guards were not state actors for purposes" of section 1983 because plaintiff had "failed to make the requisite showing of nexus between the actions of the [private] security guards and the State"); *Masri v. Cruz*, 2019 WL 2388222, at *3–4 (S.D.N.Y. June 6, 2019) (dismissing *pro se* plaintiff's section 1983 claim against private security guard at hospital and explaining that

13

"[g]enerally, the acts of private security guards, hired by a company, do not constitute state action under § 1983"). McArthur's complaint contains no allegations suggesting a nexus between DePalma and the state. For those reasons, even if McArthur had asserted a section 1983 claim against DePalma, it would fail.

### IV.     Conclusion

For the foregoing reasons, Yale New Haven Hospital's motion to dismiss, doc. no. 16, and the City of New Haven's motion to dismiss, doc. no. 22, are **granted**. Additionally, I **dismiss** McArthur's complaint against the only remaining defendant, Protective Services. The Clerk is instructed to enter judgment in favor of the Defendants and to close this case.

So ordered.

Dated at Bridgeport, Connecticut, this 23d day of August 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge